## NOWAK v. CITY OF DETROIT.

1. STREET RAILWAYS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—IN-JURY WHILE BOARDING CAR.

  In action for injuries sustained by plaintiff when door of street car hit her head as she was about to come aboard, in which undisputed proof showed plaintiff was not guilty of contributory negligence and that defendant's conductor was guilty of negligence, charge leaving for jury only the question of damages *held*, not reversible error, where only objection to charge was general claim that plaintiff was guilty of contributory negligence as a matter of law and that such defense was not left to jury, no motion for directed verdict was made at close of plaintiff's proofs or of case and no requests to charge appear in the record.

2. SAME — INSTRUCTIONS — EVIDENCE — HOSPITALS — PHYSICIANS — PROXIMATE CAUSE—DAMAGES.

  In action for injuries, sustained by plaintiff while boarding defendant's street car behind another lady who was larger and obscured conductor's view of plaintiff, from being hit on head by door which conductor negligently closed, instruction that jury could not consider fact that plaintiff had been in hospital where there was no testimony connecting her going to the hospital with fact that injuries had been received but that jury could consider testimony of physician who examined plaintiff there as to what her condition was at the time and that such condition, in his opinion, was attributable to the accident and might have resulted in her inability to work *held*, not reversible error, where there was testimony to support such a charge.

Appeal from Wayne; Campbell (Allan), J. Submitted October 11, 1938. (Docket No. 107, Calendar No. 40,270.) Decided November 10, 1938.

Case by Stanislawa Nowak against City of Detroit, a municipal corporation, for personal injuries sustained when door of defendant's street car was closed upon her. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Stan. C. Pietraszewski* and *Walter M. Nelson,* for plaintiff.

*Rodney Baxter* and *William J. McBrearty,* for defendant.

Potter, J. June 4, 1937, at about 11:15 p. m., plaintiff and others boarded a Michigan avenue westbound street car at Cass avenue, in Detroit. Plaintiff was the fifth woman to attempt to get on the car. The woman who preceded her was tall and large, the conductor of the street car claims he did not see plaintiff and attempted to close the door after the fourth woman passed. Plaintiff claims the door struck her on the left side of the head near the temple and that she suffered other injuries. She complained while on the street car and at the junction of Livernois and Michigan she was taken from the car, the police called, and she was taken home. She was later treated by a physician and in the trial of this case, in which she sued to recover for the injuries suffered, she had verdict for $1,000. Defendant brings error, claiming plaintiff was guilty of negligence as a matter of law, and that the trial court usurped the province of the jury and erred in submitting to the jury the question of the permanency of plaintiff's injuries and in failing to instruct the jury as to the defense of the city of Detroit. No motion was made by defendant for directed verdict at the close of plaintiff's case nor at the close of

proofs. No requests to charge appear in the record. The trial court charged the jury:

"Under the undisputed evidence I do view it to the effect that the city of Detroit, the department of street railways, is liable in some sum. There is no question, from the testimony of the conductor of the trailer, but that he failed in his duty with regard to closing the door only after the passengers had boarded the street car. The fact that his view was obscured by a larger woman cannot operate to absolve him from negligence. So that phase of the matter need not occupy your mind. There is no evidence here of any contributory negligence on the part of the plaintiff, and therefore she has a cause of action."

The undisputed proof showed the conductor attempted to close the door, the door struck plaintiff, plaintiff suffered injuries, plaintiff was not guilty of contributory negligence, the conductor of the street car was guilty of negligence, and this left the only question for the jury that of damages.

No specific objection is made to the charge of the court other than that above mentioned but it is claimed generally that the trial court did not submit the claimed defense to the jury.

Plaintiff had been at the hospital but the trial court charged there was no testimony as to what the cause of her going to the hospital was, whether it was attributable to the accident claimed to have been suffered or not, and that no causal relation had been established by the proof between the accident and plaintiff's being in the hospital and that the jury could not consider that fact but they could consider the testimony of the physician as to what her condition was at the time and that such condition, in the opinion of such physician, might have been attribut-

able to the accident and that such accident might have resulted in plaintiff's inability to work. In view of the testimony of the physician, we do not think the trial court was in error in the manner in which the case was submitted to the jury. There was testimony to support the charge. We find no reversible error in the trial of the case.

Judgment affirmed, with costs.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., did not sit.